Guv .Gilbert Ribaudo, J.
This summary proceeding is grounded upon section 8 (subd. [gg], par. [1]) of the Business Rent Law (L. 1945, ch. 314, as amd.) because of tenants’ failure to execute a new lease offered by the landlord with respect to the store premises occupied by tenants under an expired lease. The tenants do not dispute that the landlord offered to enter into, a lease and that such offer was not accepted by tenants. Tenants defend on the ground that the proffered lease was not “ ata rental in the same amount as the emergency rent * * * and otherwise on substantially similar terms and conditions ”.
To support their position, tenants have minutely compared the provisions of the expired lease with the proffered lease. They urge upon the court minor differences in the texts, failing however, to give weight to the statutory language that the proffered lease be “on substantially similar terms ’ ’. There is no requirement that the proffered lease be on identical terms. A reading of the entire lease offered by the landlord plainly shows it to be “ on substantially similar terms ” as the expired lease.
Of greater weight is the tenants’ contention that the obligation to pay the sewer rent as contained in the new lease creates a rent greater than the emergency rent for the premises. The fallacy of this argument is that the payment of sewer rent is contingent upon the use of water — and of course the landlord does not compel the tenant to use water in addition to ordinary lavatory purposes. 'Such is the language and sense of the expired lease and of the new lease. If the tenants avail themselves of water, they must pay for it. Failing so to do, landlord is given the privilege to apply to this all the remedies he may have for nonpayment of rent. But this does not mean that landlord has imposed a rent upon the tenants — to the contrary, tenants need not use any water in addition to ordinary lavatory and thereby can avoid payment of water and all related charges. The bill to be rendered by landlord is “based on tenants’ consumption ”. Absent such consumption, there is no charge.
*687 A strong indication that landlord and tenants considered water and related charges as not within the emergency rent in the expired lease, is the reasonable rent agreement contained therein (Business Bent Law, § 4, subd. 3) which fixed $500 per month as the reasonable rent to be paid thereunder — yet tenants were obliged to pay over and above this rent such charges as were incurred by tenants in their use of water. The proffered lease also set $500 per month as the rent and here too, water, if used by tenants, was to be paid for by them.
The objections raised by the tenants are insufficient to justify their refusal to accept the lease proffered by landlord.
Final order granted for landlord. Issuance of warrant stayed to and including January 3,1959.